UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY D. CAMERON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CAUSE NO. 3:07-CV-0008 AS |
| | ) |
| DR. GERALD MYERS, M.D., | ) |
| | ) |
| Defendant. | ) |

*MEMORANDUM OPINION AND ORDER*

Larry Cameron, a prisoner currently confined at the Pendleton Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Dr. Gerald Myers, M.D., violated his federally protected rights while he was housed at the Indiana State Prison. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Cameron brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Cameron alleges that Dr. Myers did not conduct a proper physical examination of Mr. Cameron and has refused to treat him for two serious medical conditions, Chrons disease and Pyradermia Gangreosis. As a result, he alleges that his physical condition has deteriorated and that he has suffered excruciating pain.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's

2

necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Because deliberate indifference is comparable to criminal recklessness, *Farmer v. Brennan*, 511 U.S. at 837, a plaintiff must demonstrate more than an inadvertent failure to provide medical care or negligence in treating a medical condition. *Estelle v. Gamble*, 429 U.S. at 105-107; *Billman v. Indiana Department of Correction*, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting Farmer v. Brennan*, 511 U.S. at 837-838. Negligence or medical malpractice do not constitute deliberate indifference, *Estelle v. Gamble*, 429 U.S. at 106, and a mere disagreement with a physician over a course of medical treatment states no claim under § 1983 *Hendrix v. Faulkner*, 525 F. Supp. 435, 458 (N.D. Ind. 1981), *aff'd in part vacated in part on other grounds sub nom.*, *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. Giving Mr. Cameron the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his deliberate indifference to serious medical needs claim under the standards set forth in *Estelle v. Gamble.*

Mr. Cameron seeks damages and injunctive relief, as well as damages, but any injunctive relief claims are moot because Mr. Cameron is no longer housed at the Indiana State Prison. If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Mr. Cameron is no longer confined at the Indiana State Prison, and his transfer to the Pendleton Correctional Facility renders his requests for injunctive relief against an Indiana State Prison official moot. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990), *cert. denied* 501 U.S. 1208 (1991); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). It is possible that Mr. Cameron could be transferred back to the Indiana State Prison, since an inmate can be relocated at any time. *See Sandin v. Conner*, 515 U.S. 472 (1995). But the mere possibility of re-transfer is insufficient. The standard to be applied here is

4

whether he is "likely to be retransferred." There is no reasonable basis here that Mr. Cameron is "likely to be retransferred" to the Indiana State Prison.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendant in his personal capacity for damages on his Eighth Amendment deliberate indifference to serious medical needs clam;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** the plaintiff's claims for injunctive and declaratory relief;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendant respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on the defendant on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

**IT IS SO ORDERED.**

**ENTERED**: March 23, 2007

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

5