UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY D. CAMERON, )  | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | NO. 3:07-CV-008 PPS |
| DR. GERALD MYERS, M.D., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Larry Cameron got a painful flesh eating disease while incarcerated that resulted from the prison doctor's failure to properly care for him. Cameron sued the doctor and surprisingly the doctor never appeared to defend the lawsuit. Consequently, the Clerk of the Court entered default against him. Fed.R.Civ. Pro. 55(a). Cameron now seeks a default judgment. This matter is before the Court upon the Report and Recommendation of Magistrate Judge Nuechterlein [DE 30] as well as the objection filed by Cameron [DE 31]. Judge Nuechterlein concluded that Cameron was entitled to a default judgment over Defendant Gerald Myers, and awarded him $250,350 in actual and compensatory damages, although denied Cameron's request for punitive damages. Cameron objects to the opinion with respect to punitive damages. I agree with all conclusions reached by Judge Nuechterlein and therefore adopt his Report and Recommendation in full.

### BACKGROUND

Cameron, a *pro se* prisoner, brings this action pursuant to 28 U.S.C. § 1983, against Dr. Gerald Myers. Cameron claims that Myers was deliberately indifferent to his serious medical

needs, and thereby violated the Eighth Amendment's protection against cruel and unusual punishment.  Cameron alleges that Myers failed to provide him the necessary and urgent medical care and treatment required by Cameron for his Crohn's Disease.  He also claims that this failure led to Cameron's development of Pyoderma Gangrenosum, a flesh eating disease.

Cameron served Myers with process [DE 12] on February 23, 2007 and filed a request for entry of default after Myers failed to appear. [DE 15].   The clerk made an entry of default against Myers on June 27, 2007, [DE 16] and Cameron then moved for a default judgment. [DE 17].  He averred that Myers is not in the military service [DE 17], and the evidence provides no indication that Myers is a minor or incompetent.  Judge Nuechterlein held a hearing on Cameron's Motion for Default Judgment on May 14, 2008.

Cameron established that, before falling under the care of Dr. Myers, Cameron was receiving a prescription of Remicade for treatment of his Crohn's disease. When care giver responsibilities shifted to Myers, he ceased providing Cameron with Remicade, despite Cameron's protestations.  According to Cameron, he went without treatment from September 2006 through February of 2007.  As a result, he developed Pyoderma Gangrenosum, a diagnosis confirmed when he arrived at a new Indiana Department of Correction facility and was treated by a new doctor.  Cameron claims that when he previously approached Myers with his symptoms relating to the Pyoderma Gangrenosum, Myers did not conduct an appropriate examination and therefore failed to diagnose the new disease.  His new doctor, Dr. Coots, commenced extensive treatment for Cameron's conditions.

The evidence shows that Cameron suffered from various symptoms, including diarrhea, rectal bleeding, insomnia, as well as excruciating pain and a feeling that the flesh on his legs was dissolving.  At the hearing, Cameron demonstrated that his disease left him disfigured, with

permanent, large, scars in multiple places on his legs.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. Pro. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore *et al*., Moore's Fed. Prac. ¶ 55.03 (2d ed. 1985)). Because the Clerk has already entered default against Myers in this case, I may now enter a default judgment under Rule 55(b)(2), if appropriate.

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al*., Fed. Prac. & Pro. Civ.3d § 2685 (3d ed. 2007).

When a court determines that a defendant is in default, all well-pleaded allegations of the complaint will be taken as true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Based on the facts presented by Cameron, I conclude, like Judge Nuechterlein, that Myers was deliberately indifferent to Cameron's serious medical needs. Cameron has shown that Myers exhibited "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risk, or a conscious culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir.

1992). Myers was plainly subjectively aware of Cameron's objectively serious medical condition because of the diagnosis established in his previous doctor's medical records as well as by what Cameron told him. *See Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006)("The standard requires that [defendant] have subjective awareness of the serious medical need and then act with indifference to that need.")(citations and quotations omitted). Myers did not continue the proper care Cameron required to treat his Crohn's disease, and as a result, a worse condition developed. Myers' inaction forced Cameron to endure tremendous pain and suffering stemming from his untreated Crohn's disease as well as the newly formed Pyoderma Gangrenosum. This condition ceased only when Cameron moved to a new facility and began treatment under another physician. Myers actions, or lack thereof, amounted to more than mere negligence. His state of mind has been shown to be at the level of culpability necessary to support an Eighth Amendment, deliberate indifference claim. *Id*.

I also agree with Judge Nuechterlein's decision with respect to damages: both the $250,350 awarded in compensatory damages, and the decision to deny punitive damages. Cameron objected to the Magistrate's report because he was not permitted to read a statement at the May 14, 2008 hearing. Cameron wished to testify about various incidents involving Dr. Myers, including one in which he allegedly refused to see Cameron because he wanted to get home to watch a television program and another in which he quickly removed a gauze pad and caused Cameron considerable pain. *See* Pl. Objections [DE 31] at 1-2.

When a party objects to a magistrate's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

*Id.*; Fed. R. Civ. P. 72(b).   Even taking Cameron's statement into account, I find that the standard for punitive damages has not been reached.

It is true that "the level of culpability required for a liability finding is the same as the punitive damage standard: both require a determination that the defendants acted with deliberate indifference or reckless disregard for the plaintiff's right to security." *Walsh v. Mellas*, 837 F.2d 789, 801-02 (7th Cir. 1988).  But even with a finding of reckless disregard, the goals of punishment and deterrence must be met in order to award punitive damages.  *See Walker v. Woodford*, 454 F. Supp. 2d 1007, 1030 n. 6 (S.D. Cal. 2006)(noting that even though a plaintiff may be able to show a defendant's deliberate indifference and reckless disregard toward his rights, a trier of fact must still determine whether the conduct is one that serves the goals of punitive damages).  While the purpose of compensatory damages is to make the plaintiff whole, "punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant imposition of further sanctions to achieve punishment or deterrence." *Estate of Moreland v. Dieter*, 395 F.3d 747, 757 (7th Cir. 2005) (quoting *State Farm Mut. Auto/ Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003)).  There are occasions where punitive damages are the only significant remedy available, especially when successful § 1983 plaintiffs can show no compensable injury. *See Smith v. Wade*, 461 U.S. 30, 55 n. 21 (1983).   In this case, Cameron proved to Judge Nuechterlein that $250,350 in compensatory damages is appropriate.  This amount will also serve as apt punishment for the actions taken by Myers, and any rationale actor in Myers' place would surely be deterred from taking similar actions after receiving such a judgment.  No further category of damages are necessary to meet the goals of punishment or deterrence.

## CONCLUSION

Having reviewed Magistrate Judge Nuechterlein's Report and Recommendation and agreeing with the reasoning therein, I hereby **ADOPT** the Report and Recommendation in its entirety. Cameron's Motion for Judgment by Default [DE 17], is **GRANTED**. Defendant Gerald Myers is **ORDERED** to pay Plaintiff Larry Cameron $250,350.00 in actual and compensatory damages. The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**

**SO ORDERED.**

**ENTERED**: July 18, 2008

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT